UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
CARMELA WALLACE, as the personal representative
of the ESTATE of JARAD HIGGINS p/k/a Juice
WRLD,

                 Plaintiff,

                 -against-

THE IM. GROUP, LLC and SEAN WELCH,

                 Defendants.
------------------------------------------------------x

Case No. 20-cv-7610 (VSB)

**DEFAULT JUDGMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/2/2021

VERNON S. BRODERICK, United States District Judge:

        Plaintiff Carmela Wallace, as the personal representative of the Estate of Jarad Higgins p/k/a Juice WRLD ("Plaintiff" or "Estate") commenced this action by filing two Summonses and a Complaint on September 16, 2020. (Docs. 1, 3-4.)

        A copy of the Summons issued by the Clerk of Court to Defendant The IM. Group, LLC ("IM. Group"), (Doc. 5), and a copy of the Complaint were served on Defendant IM. Group. A Proof of Service reflecting service upon the IM. Group was filed with the Court on October 16, 2020. (Doc. 7.)

        A copy of the Summons issued by the Clerk of Court to Defendant Sean Welch ("Welch"), (Doc. 6), and a copy of the Complaint were served on Defendant Welch. The Affidavit of Service reflecting service upon the Defendant Welch was filed with the Court on November 25, 2020. (Doc. 12.)

        Defendants IM. Group and Welch have failed to appear or respond to the Complaint by filing an answer or motion.

1

A Clerk's Certificate of Default was entered by the Clerk of Court for each of the Defendants, and noting each Defendant's default. (Docs. 11 and 18.)

Plaintiff filed a Motion for Default Judgment against Defendants under Federal Rule of Civil Procedure 55(b) and Rules 55.2(b) and 6.1 of the Local Civil Rules of the Southern and Eastern Districts of New York, as modified by Rule 5 of this Court's Emergency Individual Rules and Practices in Light of COVID-19 (the "Motion"). (Doc. 23-25.)

Although the Motion was served on Defendants, neither IM. Group nor Welch has responded to the Motion, or entered an appearance. By Order filed on May 25, 2021, I directed the parties to appear for a telephonic hearing on Plaintiff's Motion for Default Judgment. (Doc. 27.) I held the telephonic hearing on July 1, 2021. Defendants failed to appear the hearing or to request an adjournment of the hearing.

The Court has considered the Declaration of Jonathan D. Davis, Esq. and accompanying exhibits in support of the Motion.

In light of the well-pleaded allegations in the Complaint and based on the fact that service on Defendants was proper, and that Defendants have failed to appear in this case, it is hereby:

**ORDERED AND ADJUDGED** that Defendants' liability to Plaintiff on the FIRST CAUSE OF ACTION for breach of fiduciary duty is established, and that a default judgment is hereby entered against Defendants IM. Group and Sean Welch on the issue of Defendants' liability to Plaintiff on the fiduciary duty claim, leaving only the determination of Plaintiff's damages for an inquest;

**ORDERED AND ADJUDGED** that Defendants' liability to Plaintiff on the SECOND CAUSE OF ACTION for breach of contract is established, and that a default judgment is hereby

entered against Defendants IM. Group and Sean Welch on the issue of Defendants' liability to Plaintiff on the breach of contract claim, leaving only the determination of Plaintiffs' damages for an inquest;

**ORDERED AND ADJUDGED** that Defendants' liability to Plaintiff on the THIRD CAUSE OF ACTION for unjust enrichment is established, and that a default judgment is hereby entered against Defendants IM. Group and Sean Welch on the issue of Defendants' liability to Plaintiff on the unjust enrichment claim, leaving only the determination of Plaintiff's damages for an inquest;

**ORDERED AND ADJUDGED** that Defendants' liability to Plaintiff on the FOURTH CAUSE OF ACTION for Negligence is established, and that a default judgment is hereby entered against Defendants IM. Group and Sean Welch on the issue of Defendants' liability to Plaintiff on the negligence claim, leaving only the determination of Plaintiff's damages for an inquest;

**ORDERED AND ADJUDGED** that Defendants' liability to Plaintiff on the FIFTH CAUSE OF ACTION for an accounting is established, and that a default judgment is hereby entered against Defendants IM. Group and Sean Welch with respect to the issue of Defendants' liability to Plaintiff on the accounting claim and with respect to the requested relief sought under that claim;

**ORDERED AND ADJUDGED** that Defendants IM. Group and Sean Welch shall, within 30 days after service of this Default Judgment, provide Plaintiff with a complete accounting from Defendants' books and records, identifying and verifying all incoming and outgoing payments received or made on Mr. Higgins's behalf and all account activity handled by any of the Defendants;

**ORDERED AND ADJUDGED** that Defendants IM. Group and Sean Welch shall, within 30 days after service of this Default Judgment, turn over to Plaintiff: (a) all files, books and records, and other financial matters and information relating to Mr. Higgins's and/or the Estate's income, earnings, and expenses, which were entrusted to Defendants' possession, custody, or control, and (b) all accounts Defendants' maintained on behalf of Mr. Higgins and/or the Estate;

**ORDERED AND ADJUDGED** that for any violation of this Default Judgment by Defendants, Plaintiff may, in accordance with this Court's inherent powers, including the power to enforce its lawful orders, move this Court for an order directing specific actions in aid of enforcement; and

**IT IS FURTHER ORDERED** that this action is referred to Magistrate Judge James L. Cott for an inquest on damages and attorney's fees and costs.

SO ORDERED this 2nd day of July, 2021.

_____
Vernon S. Broderick
United States District Judge